Hand-Delivered

FILED
CHARLOTTE, NC

SEP 10 2026

US DISTRICT COURT
WESTERN DISTRICT OF NC

**COMPLAINT** 3:26-cv-731-MOC

Plaintiff, **Aseel Alsumaidaee**, appearing *Pro Se*, brings this Complaint against Defendant, **Extra Space Storage LLC**, and respectfully alleges and states as follows:

**PARTIES**

1. Plaintiff **Aseel Alsumaidaee** is an individual, a United States citizen, and a resident of Mecklenburg County, North Carolina.

2. Upon information and belief, Defendant **Extra Space Storage LLC** is a foreign limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business outside of North Carolina, doing business in the State of North Carolina, and operating a commercial storage facility located at 5649 South Boulevard, Charlotte, NC 28217.

3. Defendant's designated registered agent for service of process in North Carolina is Corporation Service Company (CSC), 2626 Glenwood Avenue, Suite 550, Raleigh, NC 27608.

**JURISDICTION AND VENUE**

4. This Court has subject-matter jurisdiction over this action pursuant to **28 U.S.C. § 1332(a)(1) (Diversity of Citizenship)** because the matter in controversy exceeds the sum or value of **$75,000**, exclusive of interest and costs, and is between citizens of different States.
5. Venue is proper in this judicial district pursuant to **28 U.S.C. § 1391(b)(2)** because a substantial part of the events, acts, and omissions giving rise to the claims occurred at Defendant's business premises within Mecklenburg County, North Carolina, which is located inside this judicial district.

**STATEMENT OF FACTS**

6. In October 2024, Plaintiff entered into a valid, binding, and enforceable digital lease agreement with Defendant for the purpose of secure commercial vehicle storage.

7. Under the explicit terms of the contract and associated digital receipts, Plaintiff was assigned a specifically numbered parking stall to store their commercial vehicle, a **2022 Ford Transit 350L Cargo Van** (VIN: 1FTBW3XG1NKA33810, License Plate: ZM-4387).

8. The subject cargo van constitutes Plaintiff's primary commercial asset and the essential source of trade, livelihood, and business income for Plaintiff and their family.

9. Plaintiff fully performed all obligations under the contract, maintaining an active, non-delinquent account at all times relevant to this action.

10. Prior to traveling overseas, Plaintiff explicitly pre-paid storage fees to secure the vehicle from October 27, 2024, through February 27, 2025. On or about March 1, 2025, Plaintiff received a payment due notice via email from Defendant and promptly paid again to renew and secure the stall for March and April 2025 (copies of the emails and receipts are attached hereto as **Exhibit A**).

11. On April 2, 2025, Plaintiff discovered the vehicle was missing from the facility premises. Upon contacting the facility, staff members provided highly contradictory replies regarding the vehicle's location.

12. On April 3, 2025, Plaintiff summoned the Charlotte-Mecklenburg Police Department (CMPD) to investigate. Only through law enforcement intervention did Plaintiff discover that in or around December 2024—without lawful justification, contract default, or any form of digital or written notice—the vehicle was unauthorizedly towed and removed from Defendant's facility.

13. Despite the unauthorized removal of the vehicle in December 2024, Defendant continued to actively demand, collect, and retain monthly storage fees from Plaintiff for March and April 2025, charging for protective services they knew or should have known they were no longer rendering.

14. The unauthorized removal triggered a devastating chain reaction. The vehicle was routed to an impound facility, which subsequently reported it abandoned. Consequently, Plaintiff's lender, Santander Consumer USA,

initiated an involuntary liquidation and sold the commercial asset at a friction-price auction, despite Plaintiff holding a valid account extension and being current on storage protections.

15. According to CMPD Police Report #Z0402152800, Defendant's on-site facility manager explicitly stated to the responding law enforcement officer that the facility possessed zero knowledge regarding the vehicle's removal, timeline, or whereabouts.

16. As a direct and proximate result of Defendant's egregious conduct, breach, and active misrepresentations, Plaintiff suffered the permanent destruction of their primary commercial asset, total loss of valuable personal and business property stored inside the van, severe financial distress, compounding and sustained business revenue losses, and extreme emotional trauma inflicted upon the entire family while stranded in a conflict zone without their livelihood.

17. While overseas, Plaintiff and their family of six were trapped in an active war zone during an unexpected outbreak of hostilities. This extreme crisis placed the lives of these United States citizens in immediate, severe danger and left them stranded under exceptionally harsh, risky, and unsafe circumstances, rendering them physically unable to safely return home until the current year.

**FIRST CAUSE OF ACTION**

**(Breach of Contract and Breach of Bailment)**

18. Plaintiff incorporates paragraphs 1 through 17 by reference as if fully set forth herein.

19. A valid contract and a lawful bailment relationship existed between Plaintiff and Defendant, wherein Defendant owed strict contractual and common law duties of professional safekeeping to protect and safeguard the bailed property.

20. Defendant materially and egregiously breached the contract and bailment agreement by failing to safeguard the vehicle,permitting its unauthorized removal, and completely failing to monitor its own premises.

21. As a direct and proximate result of this material breach, Plaintiff suffered

severe compensatory, consequential, structural, financial, and emotional damages as set forth herein.

**SECOND CAUSE OF ACTION**

**(Wrongful Conversion)**

22. Plaintiff incorporates paragraphs 1 through 21 by reference as if fully set forth herein.

23. Plaintiff maintained an absolute, immediate right to possession of the cargo van.

24. The unauthorizedly towing, failing to track, and facilitating the permanent loss and subsequent auction of the vehicle, Defendant exercised an unauthorized, wrongful dominion and control over Plaintiff's personal property in a manner completely inconsistent with, and in exclusion of, Plaintiff's clear property rights.

25. Defendant's conversion constitutes a severe tortious act resulting in the total and permanent destruction of Plaintiff's primary asset.

**THIRD CAUSE OF ACTION**

**(Gross Negligence)**

26. Plaintiff incorporates paragraphs 1 through 25 by reference as if fully set forth herein.

27. Defendant owed a duty of professional care to its paying customers to maintain accurate facility logs, verify account payment histories prior to authorizing asset removals, and safeguard the vehicles stored within its secured premises.

28. Defendant acted with reckless indifference and gross negligence by failing to notice the disappearance of a large commercial van for months, failing to notify the owner, and continuing to collect funds for a non-existent service.

**FOURTH CAUSE OF ACTION**

**(Unfair and Deceptive Trade Practices – N.C.G.S. § 75-1.1)**

29. Plaintiff incorporates paragraphs 1 through 28 by reference as if fully set forth herein.

30. Defendant's conduct constitutes unfair or deceptive acts or practices in or affecting commerce within the meaning of N.C.G.S. § 75-1.1.

31. Defendant engaged in deceptive business practices by actively solicitating and receiving monthly storage fees from Plaintiff for March and April 2025 while the

vehicle had already been removed from the facility months prior.
32. Defendant engaged in further bad faith and deceptive conduct by misrepresenting facility conditions and safety to the Plaintiff, and failing to maintain basic institutional control over its facility.
33. Defendant's egregious conduct, post-removal billing, and active misrepresentations constitute substantial aggravating circumstances surrounding a breach of contract.
34. Pursuant to N.C.G.S. § 75-16, Plaintiff is entitled to recover treble damages (three times actual damages) and reasonable attorney's fees under N.C.G.S. § 75-16.1.

**RESERVATION OF RIGHTS**

1. Plaintiff explicitly reserves the right to amend this Complaint to add further factual details, claims, or damages as they become known through formal discovery or further investigation.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that the Court enter judgment in their favor and grant the following relief against Defendant:

1. For compensatory, consequential, and special damages (including the market value of the cargo van, the value of all personal and business property inside the van, complete lost business revenue, and severe financial and emotional hardship) in the amount of **$1,186,277.00 USD (One Million One Hundred Eighty-Six Thousand Two Hundred Seventy-Seven US Dollars)**;

2. That the Court find Defendant's conduct violated N.C.G.S. § 75-1.1, and that Plaintiff's actual damages be trebled pursuant to N.C.G.S. § 75-16;

3. For the costs of this action, as well as pre-judgment and post-judgment interest as allowed by law;

4. For such other and further relief as the Court deems just, equitable, and proper.

This the 10 day of September, 2026.

Respectfully submitted,

**Aseel Alsumaidaee**, *Plaintiff Pro Se*
9610 Melanie Thompson Drive, Charlotte, NC 28213
Cell: (704) 200-6962
Email: aseel2612@gmail.com